UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NATASHA CAINES, TAMAR BLAKE, a minor under the age of 18 years, by NATASHA CAINES, Mother, IMANI BLAIR, a minor under the age of 18 years, by NATASHA CAINES, Mother, CHYNA BLAIR, a minor under the age of 18 years, by NATASHA CAINES, Mother, and TOKEO BLAIR, a minor under the age of 18 years, by NATASHA CAINES, Mother,

                            PLAINTIFFS,

                            -AGAINST-

NEW YORK CITY, POLICE SERGEANT MOLE, POLICE OFFICER MATTHEW WIDIMER, POLICE OFFICER ANOWAR HOSSAIN, POLICE OFFICER KEVIN McCARTHY, and POLICE OFFICER JOHN DOE 4, individually, and in their capacity as members of the New York City Police Department,

                            DEFENDANTS.

------------------------------------------------------------------------ x

**AMENDED COMPLAINT**

**12-CV-3273**

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiffs seek relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 27, 2011, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected plaintiffs, to *inter alia* false arrest with excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Ms. Natasha Caines ("Ms. Caines") is a United States citizen and at all times here relevant resided at 210 Grant Avenue, Apartment 2, Brooklyn, NY 11208.

7. Tamar Blake ("Tamar"), Imani Blair ("Imani"), Chyna Blair ("Chyna"), and Tokeo Blair ("Tokeo") are all children of Ms. Caines and reside with her at 210 Grant Avenue, Apartment 2, Brooklyn, NY 11208.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Sergeant Mole ("Sergeant Mole"), Police Officer Matthew Widimer, ("PO Widimer"), Police Officer Anowar Hossain ("PO John Hossain"), Police Officer Kevin McCarthy ("PO McCarthy") and Police Officer John Doe 4 ("PO John Doe 4") are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

### FACTUAL ALLEGATIONS

11. Ms. Caines is a single mother who lives with and cares for her five children, Tamar, Imani, Chyna, Tokeo and Damani.

12. At the time of the incident described herein, Tamar was 14 years old, Imani was 13 years old, Chyna was 10 years old, Tokeo was 9 years old and Damani was still an infant.

13. On or about the evening of October 27, 2011, Ms. Caines was at home with her children.

14. Tokeo was washing the dishes in the kitchen sink while Ms. Caines got Damani ready for bed.

15. The kitchen sink overflowed onto the floor and Tokeo mopped up the water.

16. Ms. Caines' landlord knocked on the door, complaining about the overflowing water.

17. Imani and Tamar went to the door to explain to the landlord that Ms. Caines was putting Damani to bed and would come to the door shortly.

18. The landlord shouted and swore at Imani and Tamar, then left before Ms. Caines could talk to him.

19. Shortly thereafter, Sergeant Mole, PO Widimer, PO Hossain, PO McCarthy, PO John Doe 4 and several other police officers arrived at Ms. Caines' apartment.

20. Upon information and belief, Sergeant Mole banged on the door and demanded that Ms. Caines open the door.

21. Ms. Caines shouted through the door that she needed to put some clothes on then would open the door.

22. Sergeant Mole then proceeded to kick down the door to the apartment and entered the living room along with PO Widimer, PO Hossain, PO McCarthy, PO John Doe 4 and several other police officers.

23. Sergeant Mole shouted in Ms. Caines' face and was verbally abusive to Ms. Caines.

24. Tamar, Tokeo and Imani were in the living room and became extremely anxious.

25. Ms. Caines asked Sergeant Mole why he kicked down the door.

26. Sergeant Mole responded by saying "I can do what I want, I am God."

27. Sergeant Mole told Ms. Caines he was going to arrest her for having unlivable conditions.

28. Sergeant Mole told Ms. Caines and her children to get dressed.

29. Tamar, Tokeo, Imani and Chyna were very upset and distressed.

30. Ms. Caines got dressed then returned to the living room.

31. Sergeant Mole then instructed PO Widimer, PO Hossain, PO McCarthy and PO John Doe 4 to arrest Ms. Caines.

32. PO Widimer, PO Hossain, PO McCarthy and PO John Doe 4 pinned Ms. Caines against the wall then threw her to the ground and jumped on top of her.

33. Tamar was extremely upset and became hysterical at the treatment of his mother.

34. PO Widimer, PO Hossain, PO McCarthy and PO John Doe 4 went to arrest Tamar and grabbed him by the wrist.

35. Ms. Caines begged them to leave Tamar alone and PO Widimer, PO Hossain, PO McCarthy and PO John Doe 4 released Tamar.

36. Ms. Caines was handcuffed behind her back in front of the children.

37. Ms. Caines was dragged out of the apartment without any shoes on and put into a police car.

38. Ms. Caines was not offered the chance to arrange care for Tamar, Tokeo, Chyna, Imani and Damani.

39. Tamar, Tokeo, Chyna, Imani and Damani were led by the police officer, in front of on-looking neighbors, to a police car.

40. All plaintiffs were taken to the 75th Precinct.

41. Ms. Caines was held in a cell.

42. Tamar, Tokeo, Chyna, Imani and Damani were held in a side room.

43. A police officer asked Tamar, Tokeo, Chyna, Imani and Damani if they wanted food from McDonalds, and they replied that they did, however the police officer only brought them water.

44. Imani asked for a fresh diaper and a bottle for Damani, but the request was refused.

45. Ms. Caines could hear Damani crying.

46. After several hours Tamar, Tokeo, Chyna, Imani and Damani were picked up by a friend of Ms. Caines and taken back to the friend's house.

47. Ms. Caines remained in the cell at the precinct until morning, still without shoes.

48. At approximately 7:00 am on September 28, 2011, Ms. Caines was given slippers and taken to Central Bookings.

49. Ms. Caines was held at Central Bookings until approximately 1:00 pm on September 28, at which point she was released without being charged or being arraigned.

50. Ms. Caines immediately picked up Tamar, Tokeo, Chyna, Imani and Damani and took them home in a taxi.

51. Plaintiffs all feel traumatized by the events stemming from the incident on September 27, 2011, and are wary and fearful when they see NYPD officers.

52. Plaintiffs have been receiving counseling to deal with their effects of the incident.

53. Plaintiffs take efforts to avoid police officers when in public.

54. Tamar's grades at school have suffered as a result of the incident.

55. Plaintiffs suffered following the incident and feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

56. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendants have deprived plaintiff Ms. Caines of her civil, constitutional and statutory rights under color of law and are liable to plaintiff Ms. Caines under 42 USC 1983.

58. Defendants have deprived plaintiff Ms. Caines of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff Ms. Caines was falsely arrested by defendants.

59. Defendants unreasonably and unjustifiably confined plaintiff Ms. Caines.

60. Plaintiff Ms. Caines was aware of, and did not consent to, her confinement.

61. The confinement was not privileged.

62. Plaintiff Ms. Caines has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

63. Plaintiff Ms. Caines repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

64. Defendants have deprived plaintiff Ms. Caines of her civil, constitutional and statutory rights under color of law and are liable to plaintiff Ms. Caines under 42 USC 1983.

65. Defendants have deprived plaintiff Ms. Caines of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff Ms. Caines.

66. Plaintiff Ms. Caines has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – False Imprisonment)

67. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

68. Defendants have deprived plaintiffs Tamar, Tokeo, Chyna and Imani of their civil, constitutional and statutory rights under color of law and are liable to plaintiffs Tamar, Tokeo, Chyna and Imani under 42 USC 1983.

69. Defendants have deprived plaintiffs Tamar, Tokeo, Chyna and Imani of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiffs Tamar, Tokeo, Chyna and Imani were falsely imprisoned by defendants.

70. Defendants unreasonably and unjustifiably confined plaintiffs Tamar, Tokeo, Chyna and Imani.

71. Plaintiffs Tamar, Tokeo, Chyna and Imani were aware of, and did not consent to, their confinement.

72. The confinement was not privileged.

73. Plaintiffs Tamar, Tokeo, Chyna and Imani have been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

74. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

75. Defendants' conduct in falsely arresting plaintiff Ms. Caines, and using excessive force to affect the arrest, was negligent, unreasonable and outrageous.

76. Plaintiffs Tamar, Tokeo, Chyna and Imani witnessed defendants' negligent conduct.

77. Defendants' negligent conduct caused plaintiffs Tamar, Tokeo, Chyna and Imani severe emotional distress.

78. Defendants intentionally inflicted emotional distress upon plaintiffs by their negligent conduct, or knew that such distress was substantially certain to occur as a result of their negligent conduct.

79. Defendants' negligent conduct threatened plaintiffs Tamar, Tokeo, Chyna and Imani with physical harm.

80. Plaintiffs Tamar, Tokeo, Chyna and Imani have been damaged as a result of defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

81. Plaintiffs demand a trial by jury.

WHEREFORE, plaintiffs respectfully request that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiffs in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional requirement for each plaintiff for each of plaintiffs' causes of action;
>
> Awarding plaintiffs punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          May 7, 2013          By:


                                        _____/s/_____
                                        Justin Delle Cave
                                        Attorney for Plaintiff
                                        PetersonDelleCave LLP
                                        233 Broadway, Suite 1800
                                        New York, NY 10279
                                        (212) 240-9075